UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Civil Action No. 7: 15-012-DCR |
| V. | ) | |
| TOBY MOUNTS, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Toby Mounts has filed a *pro se* motion for the return of property. [Record No. 60] Mounts asserts that, pursuant to a plea agreement, he forfeited all property listed within the forfeiture allegation "with the exception of the $20,000 in United States Currency listed in the Forfeiture Allegation, which has been administratively forfeited." [Record Nos. 31, 60] He further contends that the $20,000 in United States Currency should be returned because the seized funds were never in his possession and "are not in any way connected to criminal activity." [Record No. 60] Finally, Mounts argues that the United States made the aforementioned exception in the Plea Agreement allowing Mounts to seek the return of the funds. [*Id.*] In addressing the motion, it is noteworthy that the exception in the plea agreement accurately indicates that the $20,000 in United States Currency was administratively forfeited prior to the plea agreement. [Record Nos. 31, 62-2]

The United States opposes Mounts' motion. It explains that "[t]he bond money at issue, $20,000, was administratively forfeited by the Federal Bureau of Investigation (FBI). Mounts

and several others were sent notice of the administrative forfeiture and failed to file a claim." [Record No. 62] Mounts' motion will be denied for the reasons explained below.

First, a motion under Rule 41(g) of the Federal Rules of Criminal Procedure is not the appropriate vehicle for challenging administrative forfeiture. *United States v. King*, 442 F. App'x 212, 213 (6th Cir. 2011). Instead, a motion under 18 U.S.C. § 983(e) is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Additionally, "[a]ny person entitled to written notice in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property…" 18 U.S.C. § 983(e)(1). And the Court has "jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice." *Yates v. United States*, 523 F. App'x 322, 323 (6th Cir. 2013) (citing *United States v. Dusenbery*, 201 F.3d 763, 766 n.7 (6th Cir. 2000)).

The administrative proceeding that resulted in forfeiture of the interested parties' interest in the subject property was a nonjudicial proceeding under 21 U.S.C. § 881(d). Therefore, 18 U.S.C. § 983(e) would be the exclusive remedy. *See* 18 U.S.C. § 983(e)(5); *see also United States v. Comerica Bank*, 384 F. App'x 471, 474 (6th Cir. 2010). However, courts may not review an administrative forfeiture on the merits without a due process violation. *King*, 442 F. App'x at 213. In the present case, notice of forfeiture was sent to Toby Mounts, Pike Circuit Clerk, Hershel Rife, Brian May, Anita May, Eddie Mounts, William Blankenship, and Ronnie Mounts. [Record No. 62, p. 1] Thus, notice was sent to all of the parties who may have had an interest in the money and the interested parties do not contend that they did not receive notice. [Record Nos. 60, 62] Accordingly, the parties may not properly assert a due

process violation and the Court may not review the merits of the forfeiture. *King*, 442 F. App'x at 213. Additionally, the Court does not have jurisdiction to entertain a collateral due process attack because Mounts fails to challenge the adequacy of the notice provided. *Yates*, 523 F. App'x at 323 (citing *Dusenbery*, 201 F.3d at 766 n.7).

Finally, to contest an administrative forfeiture, a claimant must have statutory standing through compliance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Article III standing required for an action brought in federal court. *United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 497 (6th Cir. 1998) (addressing criminal forfeiture); *see* 18 U.S.C. § 983(a)(4)(A); *see also United States v. $31,000.00 in United States Currency*, 872 F.3d 342, 348 (6th Cir. 2017) (addressing civil forfeiture). Mounts does not have Article III standing, so it is unnecessary for the court to address statutory standing. Mounts lacks such standing to contest the administrative forfeiture because he does not "have a colorable ownership, possessory or security interest in at least a portion of the [] property." *$31,000.00 in United States Currency*, 872 F.3d at 348-49. Mounts does not have an ownership, possessory, or security interest in the property because he explicitly states that "the seized funds were never the Defendant's," and the funds were never in his possession. [Record No. 60]

In summary, because Mounts does not have an interest in the seized funds, he does not have Article III standing to contest the forfeiture. *$515,060.42 in United States Currency*, 152 F.3d at 497-98. Additionally, as explained previously, the interested parties have not asserted that they did not receive notice of the administrative forfeiture action. And because the interested parties were sent notice and failed to file a claim, they no longer have an interest in the property. 19 U.S.C. § 1609, 28 C.F.R. § 8.12.

Accordingly, it is hereby

**ORDERED** that Defendant Mounts' Motion for Return of Property [Record No. 60] is **DENIED**.

Dated: April 4, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge